**So Ordered.**

**Dated: March 10th, 2021**



Whitman L. Holt
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>MCCARY MEATS, LLC,<br><br>      Debtor. | Case No. 20-01469-WLH11<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTOR'S CHAPTER 11 SUBCHAPTER V PLAN OF REORGANIZATION |

THIS MATTER came on for hearing on March 9, 2021 for confirmation of the Debtor's Chapter 11 Subchapter V Plan of Reorganization (the "Plan") (ECF No. 80). John W. O'Leary appearing for the Debtor; Kevin O'Rourke appearing in his capacity as the Subchapter V Trustee; Michael Sperry appearing for Bell Veal, LLC; Susan Edison appearing for the State of Washington; Brian Donovan appearing for the Internal Revenue Service; and Gary Dyer appearing for the Unites State Trustee. The court having reviewed the Debtor's Plan and the Declaration of Deanna McCary, and having heard the arguments of counsel, makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Debtor filed this Chapter 11 Subchapter V proceeding on July 24, 2020.

2. The Debtor filed the Plan on December 30, 2020. The Plan contains a brief history of the business operations of the Debtor, a liquidation analysis, and projections with respect to the ability of the Debtor to make Plan payments. The Plan provides for the submission

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

GRAVIS LAW, PLLC
601 W. KENNEWICK AVENUE
KENNEWICK, WA 99336-0498
(509) 588-0431 / Fax (866) 419-9269

20-01469-WLH11    Doc 104    Filed 03/10/21    Entered 03/10/21 16:21:28    Pg 1 of 6

of future income to the supervision and control of the trustee as is necessary for the execution of the Plan. As such, the Plan complies with 11 U.S.C. § 1190.

3. The Debtor gave proper notice of the Plan and the Hearing on Confirmation of the Plan to creditors and parties in interest as required by FRBP 2002, LBR 2002-1, and LBR 3018-1, as well as other applicable provisions of the bankruptcy code and the Federal Rules of Bankruptcy Procedure by serving the Plan, List of Classifying Claims and Interest, and Ballot. Proof of service of such notice was filed with the court [ECF No. 93].

4. The hearing on confirmation after notice to creditors was held on March 9, 2021, by telephone conference hearing.

5. The following classes of claims are impaired under the plan:

Class 2: The Allowed Secured Claim of Bell Veal, LLC

Class 3: The Allowed General Unsecured Claims Against the Debtor

6. The Debtor properly filed a Report of Balloting [ECF No. 96]. The Report of Balloting indicates that Class 2 voted for the Plan and a Class 3 unsecured creditor voted for the Plan. There were no Class 3 unsecured creditors that voted against the Plan.

7. No ballots other than those identified in the Report of Balloting have been received by the Debtor.

8. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable. Any and all payments for professional services, including authorization required by 11 U.S.C. §§ 327 and 330, shall remain subject to bankruptcy court approval notwithstanding confirmation of the Plan.

9. Deanna McCary is the Debtor's sole member and officer. Her husband, Rick McCary, is the Debtor's Operations Manager. A disclosure to that effect as well as the Debtor's

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 2

GRAVIS LAW, PLLC
601 W. KENNEWICK AVENUE
KENNEWICK, WA 99336-0498
(509) 588-0431 / Fax (866) 419-9269

20-01469-WLH11   Doc 104   Filed 03/10/21   Entered 03/10/21 16:21:28   Pg 2 of 6

intent to pay insider compensation to the McCarys was filed July 30, 2020 [ECF No. 19]. The McCarys will continue to serve in their current capacity after confirmation of the Plan.

10. The Plan contains a Liquidation Analysis, which in a liquidation scenario, projects that neither the Class 1 Priority nor Class 3 General Unsecured Creditors would be paid. Only the Class 2 Secured Claim of Bell Veal, LLC would be paid. Whereas, pursuant to the Plan, the Debtor will pay all of its projected disposable income to its creditors over a period of 5 years. As such, the creditors who are impaired by the plan, and who did not vote for the plan, will receive not less than the amount they would receive in a liquidation, as required by 11 U.S.C. § 1129(a)(7).

11. No government regulatory commission or agency is required to approve the Plan or terms of the Plan.

12. The Plan satisfies the requirements of 11 U.S.C. § 1129(a)(7) in that each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

13. No 11 U.S.C. § 1111(b) elections have been made by any secured creditor.

14. The Class 1 Priority Claims are not impaired under the Plan. The impaired Class 2 creditor, Bell Veal, LLC, has accepted the Plan. The impaired Class 3 General Unsecured Claims have also accepted the Plan. Accordingly, the Plan complies with 11 U.S.C. § 1129(a)(8) and all other applicable provisions of 11 U.S.C. § 1129(a). Therefore, the Plan is confirmed as a consensual plan pursuant to 11 U.S.C. § 1191(a).

15. Administrative priority claims described by 11 U.S.C. § 503(b) and 11 U.S.C. § 507(A)(2) are provided for as required by 11 U.S.C. § 1129(a)(9).

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 3

GRAVIS LAW, PLLC
601 W. KENNEWICK AVENUE
KENNEWICK, WA 99336-0498
(509) 588-0431 / Fax (866) 419-9269

20-01469-WLH11    Doc 104    Filed 03/10/21    Entered 03/10/21 16:21:28    Pg 3 of 6

16. The Plan has been accepted in writing by at least one non-insider class of impaired creditors as required by 11 U.S.C. § 1129(a)(10). The provisions of Chapter 11, Title 11 of the United States Code have been complied with, and the Plan complies with all provisions of Title 11 of the United States Code as well as other applicable law.

17. Confirmation of the Plan is not likely to be followed by liquidation, or the need for further financial reorganization of the Debtor.

18. This was a voluntary Chapter 11 filing by the Debtor. As such, no fees are due to any involuntary creditors.

19. The Debtor does not owe child support or domestic support obligations.

20. The Debtor has no unpaid wage claims nor claims for commissions.

21. The Debtor does not owe claims for non-payment to any employee benefit plan.

22. The Debtor does not operate a grain storage facility.

23. The Debtor does not owe a debt to fishermen.

24. There are no claims made by any creditors for pre-petition deposits for purchase or lease of products for any creditor's personal family or household use.

25. The Debtor does not owe the bankruptcy court any fees.

26. The Debtor is not paying retiree benefits; therefore, no retiree benefits will be affected by the Plan.

27. The Plan, with the amendments set forth in the Order Confirming Plan, should be confirmed. The provisions of Chapter 11 have been complied with, and the Plan has been proposed in good faith and not by any means forbidden by law.

28. The requirements for confirmation of the Plan imposed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and other applicable law, including the requirements of 11 U.S.C. § 1129, have been met.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

GRAVIS LAW, PLLC
601 W. KENNEWICK AVENUE
KENNEWICK, WA 99336-0498
(509) 588-0431 / Fax (866) 419-9269

20-01469-WLH11    Doc 104    Filed 03/10/21    Entered 03/10/21 16:21:28    Pg 4 of 6

29. The effective date of the Plan will be the first business day following the date on which the confirmation becomes a final non-appealable order. The Debtor is authorized and directed to begin consummation of the Plan on the effective date, including the execution, ratification, or implementation of all loan and security documents authorized or contemplated by the Plan.

/ / / END OF ORDER / / /

Presented by:

GRAVIS LAW, PLLC
Attorneys for Debtor


BY: /s/ *John W. O'Leary*
    JOHN W. O'LEARY, WSBA #33004

Approved by:

SCHWEET LINDE & COULSON, PLLC
Attorneys for Bell Veal, LLC


BY: /s/ *Thomas S. Linde* (w/permission)
    THOMAS S. LINDE, WSBA #14426
    MICHAEL M. SPERRY, WSBA #43760


CHAPTER 11 SUBCHAPTER V TRUSTEE


BY: /s/ *Kevin O'Rourke* (w/permission)
    KEVIN O'ROURKE, WSBA #28912


ROBERT W. FERGUSON
Attorney General of Washington State


BY: /s/ *Susan Edison* (w/permission)
    SUSAN EDISON, WSBA #18293

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5

GRAVIS LAW, PLLC
601 W. KENNEWICK AVENUE
KENNEWICK, WA 99336-0498
(509) 588-0431 / Fax (866) 419-9269

20-01469-WLH11    Doc 104    Filed 03/10/21    Entered 03/10/21 16:21:28    Pg 5 of 6

UNITED STATES ATTORNEY'S OFFICE

BY: /s/ Brian Donovan (w/permission)
    BRIAN DONOVAN, WSBA #41121

OFFICE OF THE UNITED STATES TRUSTEE

BY: /s/ Gary Dyer (w/permission)
    GARY DYER, CBA #106701

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 6

GRAVIS LAW, PLLC
601 W. KENNEWICK AVENUE
KENNEWICK, WA 99336-0498
(509) 588-0431 / Fax (866) 419-9269

20-01469-WLH11    Doc 104    Filed 03/10/21    Entered 03/10/21 16:21:28    Pg 6 of 6